UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL F. SUHADOLNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-3021 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant/Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL F. SUHADOLNIK, and | ) | |
| JAMES A. YAGOW, | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |

<u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Defendant/Counterclaimant United States of America's Supplemental Brief and Motion for Reconsideration and/or Clarification (the "Motion") (d/e 32). For the reasons stated below, the Motion is DENIED.

1

## FACTS

On January 27, 2010, Plaintiff/Counterclaim-Defendant Michael F. Suhadolnik filed a Complaint against the Government for a $938.36 tax refund pursuant to 26 U.S.C. § 6672.  See d/e 1.  On February 17, 2010, the Government moved for summary judgment on Mr. Suhadolnik's claim.  The Government also sought summary judgment on a $263,628.71 counterclaim it filed against Mr. Suhadolnik, for his unpaid taxes.

On June, 1, 2011, the Court entered summary judgment for the Government as to Mr. Suhadolnik's $263,628.71 tax liability.  See Opinion (d/e 31) at 23.  However, because the Government presented no evidence or argument as to the validity of the $938.36 refund claim, the Court denied the Government's attempt to gain summary judgment on that claim.

On June 9, 2011, the Government filed the instant Motion, seeking "reconsideration and/or clarification.  The Motion is fully briefed and ripe for ruling.

STANDARD

Motions for reconsideration can be filed under Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b).  A litigant who moves for reconsideration within 28 days of the entry of judgment has discretion to file under either procedural rule.  Compare Fed.R.Civ.P. 59(e) (imposing 28-day deadline) and Fed.R.Civ.P. 60(b) (imposing deadline of not more than one year after entry of judgment).

Rule 59(e) motions may not be used to cure defects that could have been addressed earlier.  See Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 511-12 (7th Cir. 2007).  A Rule 59(e) motion will be granted only if there is a manifest error of law or fact, or newly discovered evidence.  See Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000).  By comparison, Rule 60(b) motions are not meant to fix legal errors.  See Marques v. Federal Reserve Bank of Chicago, 286 F.3d 1014, 1017-18 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for [a Rule 60(b)] motion.  In fact it is a forbidden ground").

Since the standard for obtaining relief under Rule 59(e) is considerably less than the standard required by Rule 60(b), "it behooves [a litigant] to indicate that [its] motion is under Rule 59(e)." See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993). In violation of Local Rule 7.1(B)(1), the Government does not identify under which procedural rule it is moving. See id. ("Every motion raising a question of law . . . [must among other things] identif[y] the Rule under which the motion is filed."). Nevertheless, the Court will not only consider the Government's Motion, the Court will apply the more forgiving Rule 59(e) standard instead of the harsher Rule 60(b) standard.

## ANALYSIS

The Government asserts: "[it] is unclear whether the Court's Opinion holds as a matter of undisputed fact that the Court has jurisdiction over Mr. Suhadolnik's claim, or whether it holds that Mr. Suhadolnik's allegations are sufficient to create a genuine issue of fact regarding jurisdiction that needs to be resolved." See Motion at 2. Contrary to the Government's assertion, the Court's Opinion recited the

4

necessary elements of a refund claim, stated the relevant facts, and then held that the "factual allegations are sufficient to fulfill the jurisdictional requirements of a [26 U.S.C. § 6672] refund claim." See Opinion (d/e 31) at 15-16. As such, there is nothing that needs to be reconsidered or clarified in that regard.

As a secondary matter, the Government asks the Court to reconsider its refusal to grant the Government summary judgment as to Mr. Suhadolnik's refund claim. See Motion at 3. The Government contends that summary judgment should have been entered in its favor because: ". . . Mr. Suhadolnik [failed] to come forward with sufficient evidence to support his jurisdictional allegations at the summary judgment stage, as he has the burden of proof of those elements." Id.

The Government seems to misunderstand that while Mr. Suhadolnik—as the party seeking a refund—bore the burden at trial of establishing his entitlement to a refund, the Government—as the party seeking summary judgment—bore the burden of proving entitlement to summary judgment on Mr. Suhadolnik's refund claim. See Celotex Corp.

v. Catrett, 477 U.S. 317, 323 (1986) (the party moving for summary judgment bears the burden of establishing there is no genuine issue of material fact and that judgment as a matter of law is proper). Instead of presenting evidence proving that Mr. Suhadolnik was not entitled to a refund, the Government's summary judgment motion merely asserted that Mr. Suhadolnik "has not introduced evidence" that he paid the withholding tax. As a matter of record, Mr. Suhadolnik's response brief did argue that he paid the withholding tax. See Response By Michael Suhadolnik, Pro Se, To the United States's Motion for Summary Judgment Against Defendant Michael Suhadolnik (d/e 28) at 40. The Court's Opinion noted that argument. See id. at 15-16.

In any event, the Government's instant Motion concedes that Mr. Suhadolnik was entitled to a $938.36 refund. Moreover, the Motion—citing Exhibits 1a-1j of its summary judgment motion (d/e 28)—states for the first time that $938.36 was credited towards Mr. Suhadolnik's tax liability. Id. at 2.

In his response to the Government's Motion, Mr. Suhadolnik states

that if the $938.36 has been properly credited, devoting further attention to this case would be "a waste of time and money". The Court agrees. Having reviewed the exhibits cited by the Government, and having confirmed that the $938.36 was used to partially offset Mr. Suhadolnik's tax liability, the Court finds that the $938.36 has already been credited. Since the refund issue could have been properly addressed in the Government's Rule 56(c) motion, the Court would not ordinarily be able to resolve the $938.36 refund issue at this juncture. However, because Mr. Suhadolnik has stated his willingness to forgo further contest if the $938.36 is properly credited—and there is now confirmation that the credit has been duly applied—the matter should not proceed for this reason.

## CONCLUSION

THEREFORE, Defendant/Counterclaimant United States of America's Supplemental Brief and Motion for Reconsideration and/or Clarification is (d/e 32) DENIED. However, consistent with the Court's June 1, 2011, Opinion, Mr. Suhadolnik is liable for $263,628.71, plus

7

interest from February 8, 2011. Mr. Suhadolnik is not entitled to any offset or reduction. The case is CLOSED.

    IT IS SO ORDERED.

DATED:   July 1, 2011

ENTERED BY:                                                     s/ Sue E. Myerscough
                                                                  SUE E. MYERSOUGH
                                                                  U.S. DISTRICT JUDGE